May it please the court, counsel, clerk and the bailiff. My name is Neil Patel and I represent the appellant in this case, Chick Harris Evans. I'm not going to go over the facts of this case at great length. I believe the facts almost speak for themselves. The issues before the court for this appeal are whether or not my client had adequate representation at trial, whether or not certain evidence was admitted properly, whether or not there was sufficient evidence to prove guilt beyond a reasonable doubt, and whether or not the sentence was excessive under the law. As I said, the facts for this case are relatively straightforward. This is a home invasion. The victims of the home invasion do not provide any identification as to the alleged assailants. My client gives no confession. There is no forensics or any other independent evidence which links my client to the crimes, and my client was never discovered with the proceeds of any crimes. I would argue that the facts of this case kind of come down to the testimony or evidence associated with three witnesses, the first being the state's principal witness, Rasheed McCarthy, and the other two witnesses being the alleged assailants of the crime. As it relates to ineffective assistance, Your Honor, the standard for that is well laid out. I'm not going to go into that in any great length. I would argue in this case that counsel's performance at the trial level fell well below the standard of reasonableness, and but for his performance, I believe the outcome of this case would have been different. In reviewing the circumstances of this case in the records, I think there are, I broke it down into three different areas, but I feel that one area is very specific and the other two areas kind of combine into a second area. The first of which is there was evidence which was admitted, a video surveillance footage, without stipulation of the foundation or without sufficient evidence as it relates to the foundation for such evidence from any of the state's witnesses. I believe that was called Exhibit 18 at the trial level. This exhibit purported to show my client with the other assailants of the offense within several hours of the alleged offense taking place using a credit card that was taken as part of the home invasion. Either my client was using it or someone he was with was using it, and this was just a mere few hours after the alleged offense took place. And I would argue that in this particular case, when this evidence was moved into evidence, it was not objected to. There was no witness who testified as to its proper foundation, only a deputy who testified that it was a true and accurate copy and that he had reviewed it himself and showed it to two of the three assailants of the offense who identified my client. The other issue I have as it relates to his performance is the use and treatment of state's exhibits. Let me look at that videotape. Okay, so it's introduced by the state, correct? The surveillance footage, Judge? Right. Yes. And was there any argument or anything by defense counsel as to the inadequacy of that tape in terms of identifying the defendant? I don't believe so, Your Honor. I know he asked the deputy a few questions about the contents of the tape on cross-examination, but I don't believe he referred to it in either his arguments on the motion for redacted finding or closing, and he did not pose any oral or written objection to it either during the trial or after the trial. Because you're saying that that tape is an inadequate and no identification of the defendant, isn't that correct? What I would suggest is this, is the testimony at the trial level is from a deputy which says, I showed this video to two of the suspects in the case who testified who received sentences. They identified Shakaris Evans, my client, on that video. That evidence was received and accepted by the court for substantive purposes. So the evidence in the case is Shakaris Evans can be seen on that video. Meaning Shakaris the proffer by the state through the testimony of the officers. But it could be trial strategy. In terms of what? In terms of the defenses of the attorney. That's why I asked the question, what was the defense attorney doing with that after it was introduced without objection? Frankly, Your Honor, the only thing I can see is that the attorney was trying to argue that by virtue of the fact that it was several hours later that the retail store where this surveillance footage was captured was some several, perhaps 50 miles away and four hours after the fact, that that doesn't necessarily show that my client actually participated in the underlying offense. But my issue with that would be as argued or as indicated in the charging instrument, this is a case of accountability. Certainly the law shows that in an accountability situation, being in close proximity to the alleged assailants following the offense is evidence which could suggest that the person was involved in the underlying offense. Having people use the proceeds, specifically the credit cards which were taken during the home invasion, a short time after the alleged offense took place with the defendant, my client, could be evidence that this individual participated in the underlying offense. And the time difference, Judge, I believe the evidence showed that this home invasion took place at approximately 630 in the morning and the surveillance footage, I believe, is from 10 to 1030 in the morning time. So that would be completely reasonable in terms of they make their getaway, they whack up the loot, and then they proceed to spend it accordingly. Well, the defendant's attorney used that exhibit as part of the trial strategy, right, arguing certain things. I mean, for one thing, he got an acquittal on the very thing that this was reportedly about. Is that right? The judge did direct out the aggravated identity theft counts. However, I would argue that the surveillance video by itself, even, what I would say is this, is there was no real effort by the state to actually prove the aggravated identity theft counts. They did bring in evidence of the credit cards, whose name they were under, whether or not my client was a person who, how the credit cards were used in terms of satisfying the underlying elements of the aggravated identity theft. And I would say that just because the surveillance footage could be used to show proof of the aggravated identity theft, it does not mean that it is the only thing that that evidence could be used for. In addition to that, didn't the defense counsel use exhibit 18 in trying to argue, in making an argument that the other two people weren't truthful? I know that he made an argument to say that when we say the other two people, I'm assuming the court is referring to the co-defendants who ended up pleading guilty. I would say that his attempts to argue that they were not truthful were that they were not truthful to the police during the underlying investigation into the offense, that they were not truthful to the police during their interrogations. And so to say that the video is to be used to show that they were not telling the truth, Judge, I say that that doesn't make any sense because these two individuals are saying, Mr. Shakaris is on the video. The officer is saying, these two individuals told me that Mr. Evans is on the video. And so in arguing the video, Judge, and allowing it to simply come in without any sort of meaningful attack on its admissibility, I think it just doesn't make any sense because certainly you would want to show that Mr. Evans was not at a Burlington Coat Factory with the co-defendants. But isn't that an argument about the trial strategy? I mean, you admit that and you indicate the record shows that the defense counsel referred to Exhibit 18 in an attempted argument as part of that trial strategy that the defendant wouldn't be guilty of these other things while attacking the co-defendants, correct? I agree that it could be an aspect of trial strategy, Your Honor. However, trial strategy is not an automatic catch-all as it relates to how counsel acts at the trial level. In this particular case, the evidence itself was admitted without any meaningful adversarial testing or stipulation to the foundation. And that's why I cited the People v. McCarter. And what McCarter effectively stood for the proposition as was the failure to object to the admission of testimony, which in that case was improper opinion evidence, can lead to a showing that trial counsel's strategy was not reasonable given the weight of what was inadmissibly admitted. And I would argue that failing to object to that makes it so that it cannot be strategically justified in any way, shape, or form. Because I would argue that the trial strategy in this case was to show that my client was not involved with the underlying home invasion or anything else after the fact. So then why would you then let in evidence which could potentially show that when the state did not call anybody from the Burlington Coat Factory, did not ask the officer how did you get their surveillance footage, from whom did you get it from, without putting sort of any foundation for it whatsoever. And I would argue that even the state in its reply brief kind of concedes that the foundation for it hasn't been laid and there's no stipulation to it under the record. So what happened is the state moves to admitting evidence as it did as part of its group, and then it just comes in and counsel doesn't say anything about it. And I would say that that completely cannot be justified as trial strategy. Because if the strategy is to say that my client wasn't there, my client wasn't a part of this, then don't let in evidence that could potentially show that. The argument with regards to the other exhibits, the other three. Yes, Judge. Nobody refers to the Illinois Rules of Evidence, but the Rules of Evidence have codified 725.115-10.1 and call it non-hearsay. So you can use substantive evidence to impeach people, you can also use some evidence that's not substantive but is for impeaching only. Correct. Doesn't this fit the definition under the Rule of Evidence? What I would, my argument. Doesn't it fit the definition? I would say yes and no. I would say that in this case we have a situation where form and substance are at issue. In this case, and if necessary I can read the parts from the record which I feel are appropriate, but I would argue that when the state offered its stipulation to those three exhibits, which counsel accepted, the stipulation for each one of those exhibits was for, and I'll quote from the record, was to admit them to perfect impeachment. Foundation for impeachment of Rasheed McCarthy and the people seek to admit them to perfecting impeachment of Paul Evans and Jeffrey Burks. The court then says so stipulated and counsel says yes. So I would argue with that the stipulation is only for whether or not they can be used for impeachment purposes, which is the credibility issue. As opposed to the substantive impeachment which has been codified by Illinois state law under 1510.1. Don't you have to take a leap of faith of that? Because they didn't say we're just introducing this evidence for a limited purpose. They didn't use any limiting language. They said because substantive evidence can be impeaching evidence. I agree that it can be impeaching evidence. And this fits that definition, doesn't it? In the rule of evidence, doesn't these three exhibits of what was indicated fit the definition of non-hearsay? I would say that in the abstract scenario, yes, it does. But by the state using the language to perfect impeachment, they might not have said for the limited purpose of, but by saying it's for impeachment evidence, what they're saying is we're only using it for impeachment, which is credibility, as opposed to substantive impeachment, which is believe what was said to the police, as opposed to believe what was said on the stand. And I think by the stipulation only being for the perfecting of impeachment purposes, and then the state moving to admit it, and then not saying, judge, we're also seeking to admit it for their substantive value, or a substantive impeachment, or seeking to admit them not only as it relates to impeachment, but also under 115-10.1, that this evidence was only admitted for the limited purpose for which it was stipulated to, which is for impeachment. Meaning the testimony of the two individuals on the stand can be attacked for their credibility, but the content of those videos cannot be considered as true. Or evidence that they were considered as true or considered at all by the finder of fact, which is the trial judge, and we have the presumption that he only considered admissible evidence. Well, when the trial judge issued his ruling in this case, he did not make any sort of statements or finding as it relates to what he considered as part of the evidence in the case. So I would say that, at least for that portion of the case, we don't know. But I would say we can find some sort of guidance from the court's ruling in the motion for a directed finding. During the motion for a directed finding, the judge indicates that I reviewed all three videos. All three individuals appear to be relaxed. They don't appear to be coerced. They don't appear to be threatened or tricked in any way. So when reviewing that, it appears that in his motion for a directed finding, the court is saying, look, I saw that video. That looks good to me. And since it is a bench trial and there was no additional evidence in the defendant's case in chief, at that point, I believe under the standards for a bench trial and a motion for a directed finding, it's almost the same thing. The standard that the court is considering is almost just is there enough here to prove guilt beyond a reasonable doubt, not necessarily in a light most favorable to one side or the other. So what you're saying is those statements then show that it's substantive impeachment. I would say that the court considered it as substantive at that point, which is why I indicated that it was in part of my brief that it was an abuse of his discretion because he considered it for beyond the limited purpose for which it was admitted. Well, implicit in your argument is you're saying that implicitly when counsel said we're stipulating that in, they're stipulating to the fact that despite the fact that Rule 801 allows this as substantive evidence as non-hearsay, despite the fact that all the elements for non-hearsay are present, Judge, we want you to ignore that Supreme Court rule. And when we have these factors in, you're just going to go by the old rule, the old law, and only consider it for impeachment. What I would say is that I'm saying that by admitting the evidence only for that purpose, the court was obligated to consider it only for that purpose. Just because the state could have chosen to admit it for other purposes as well and they chose not to, that's not a fault that should lie on the head of the defendant. If the state only chose to admit it for impeachment purposes, which counsel stipulated to, but did not seek to admit it for other purposes such as the substantive portions as well, then I believe the court is limited to considering the evidence for what it has been admitted for. Would you say that not seeking to limit by defense counsel is another example of ineffectiveness? I'm not sure I understand the question, Judge. Well, we've got a general term out there called impeachment. Yes. And apparently we have impeachment for credibility and substantive impeachment. Yes. Which basically moves the presumption back in favor of the state. Am I correct? Yes. Okay. And you have this statement, proffer statement made by the state. And what is the response of defense counsel? That he accepts the stipulation that the state is admitting it for impeachment only. Okay. And now we have the potential that that is vague, not limited, and is that an example of ineffective assistance of counsel for trying to narrow the scope of the use of this video? I believe it is, Your Honor, because I argue in my brief that counsel's own arguments almost consider the evidence as being admitted substantively. So in one case, in the beginning, when this evidence is admitted, he says, okay, fine. I'm only accepting, I'm stipulating for impeachment purposes only. But then I would argue as he's proceeding through his arguments, he may have abandoned that posture and then adopted that as being admitted substantively. But that's under your interpretation of what he said. But isn't it a fact that how could he object to it and say it can only be used for a limited purpose in the face of the Supreme Court's Illinois rule of evidence, which admits it substantively, based on all the factors that were introduced? He can raise the objection, and then it can be admitted over his objection. Because it would be useless, wouldn't it? In what sense? Useless to object to that is that it could be used as substantive evidence. Wouldn't that be useful? I would disagree with that, because since the statements were admitted as a whole, even under the substantive impeachment rules, only the inconsistent portions of the statements should have been admitted, not necessarily the video as a whole. That's not what the rule says, is it? The rule says if it fits this definition, those statements come in as evidence, substantive evidence. Yes, but I believe that's what the Supreme Court rule says. What I would say is that is correct, but the statements that come in are not those statements on the video which are perhaps consistent with the live testimony or not necessarily impeached by virtue of his live testimony. So if on the videotape statement, Mr. Burks or Mr. Evans III says, yes, I did a home invasion and I hit my grandfather on the leg with a bat, or I was wearing a mask and I took the money from the house, we can't then admit the video to show that, because that would not be an inconsistent statement that was made on the stand. And in this case, the only, at best, inconsistent statements that were made by either Mr. Burks or Mr. Evans was that a client was not involved. So only those statements of the videotape should have been admitted. Is there a case law saying that 801 limits that like that when it's in this room? There's no law like that, is there? Under 801, no, but I would say that I did refer to that in my principal brief, Your Honor, that only those inconsistent statements should have been admitted substantively. I know you say that, but I mean, is there any authority for that under the rules of evidence? I would say probably not just because Illinois has only recently adopted those rules, but I think the trend in the law is we already had the 801 rule kind of codified under 115-10.1. So I would argue that the rules which interpret 115-10.1 can also apply to the now Illinois rules of evidence. Well, wait. Okay, because the Illinois rules, it wasn't a change. It was just a codification. Is that what you're saying? Yeah, I believe it's just a codification. The import interpretive law. Yes. Okay. 801 expanded, though, 115-10. There's more language in the rule than there is in the statute. I don't know if the foundational or the – I know that the prior inconsistent statement can be admitted if it has been memorialized on a videotape, but I don't believe it necessarily changes the fact that if the statement on the videotape is not inconsistent with the trial testimony, that that portion should be admitted as well. So it would be my position there should have been a parsing of the videos, even if we were going to admit it as substantive evidence. Thank you, Mr. Patel. Thank you. You're welcome. Mr. Osmond. May it please the Court? Counsel. Of course, the issue here is these four exhibits. Exhibits 15 through 17, which were the videos of the co-defendants in the police interviews, and exhibit 18, which is that store video from the Burlington Coat Factory. I'll address 18 first because, of course, defense counsel used that in questioning of the police officer, and that particular video did not show the defendant. As we argued in our brief, if you look at that video and compare it to the picture of the defendant, none of those three gentlemen that are showed on that exhibit 18 video look like the defendant. You can't identify him from that video, and, of course, he was not convicted of the six and seven charges of identity theft, which is clearly what that exhibit would be used for. That exhibit could not have put him at the home invasion at the house at all. So it was not ineffective to allow that in because it defeated those two charges. It worked. So we look at then 15 through 17. Well, back to 18 for a second. What was the argument by the prosecutor with regard to the show of the defendant? He actually did not make an argument on this in closing argument. I think it was the weakest part of the case, and there was no argument in closing specifically. I guess there had already been a directed ruling. They brought it in. I don't recall from the evidence how they argued this particular aspect. They were saying that basically it was showing the co-defendants there that he would have been among that group, but, frankly, I don't think that was— When they argued about the evidence. I'm sorry? When it was argued about the evidence. Right. When they were talking about the evidence. Yes, yes, yes. And as far as the admission of all this evidence in the first place, we're talking initially 15 through 17, the police interviews, we did talk about the stipulation. And he said, we're going to stipulate this for impeachment evidence. The defense counsel agreed, and it was admitted for that purpose. And then we have the people at this point, the prosecutor, who said, with that, I would like to admit all exhibits, 1 through 18, and that we're going into substantive evidence then. The trial judge detailed 1 through 14, didn't talk about 15 through 17, because they'd already detailed all the impeachment evidence. They knew what that evidence was, and he didn't talk about 18. So your argument is the flip side of your opponent's argument, that your opponent argues that implicitly they were only letting that exhibit in for a limited purpose implicitly, because it's not stated explicitly. And then you're arguing implicitly when they said admitted, because they referred to all these exhibits before were admitted for whatever. So if they were admitted for limited purposes under your opponent's theory, you said, well, I want to make sure that all these were admitted. Now they've expanded, without saying anything, they've expanded it to a broader scope, not limited, but substantive. So you're like the flip side of their argument. Yes, I would be accurate. The reason I believe that our argument is stronger is that on the second day of trial, the prosecutor made a point of saying, judge, I want to make sure that we got all 18 exhibits in. The trial judge thought, OK, yeah, I think we did admit these yesterday. He asked defense counsel, do you have any objections? He said, no. OK, everything's admitted. And in closing argument, the prosecutor said that those had been admitted for prior inconsistent statements as substantive evidence. So there was no objection to that. If it was not the fact, then certainly defense counsel would have jumped up and said, no, no, no, this was not substantive. Isn't he arguing that that's an effective assistance of counsel? No, no, because he used these exhibits to show that the co-defense were lying. And that was his whole point. That's the only way we could win this case, is get these three guys to be shown to be not credible. OK, so we have one statement to the police. We have a completely different statement on the stand. Paul Evans III, you know, the grandson, specifically said in his testimony, no, the defendant didn't do anything. He wasn't there. He didn't do anything. But in his police evidence, he says in the interview, he was there, he broke down the door, he beat the Paul senior, he went into the bedroom and stole from Queen Esther Evans, the wife. And so we've got these two totally inconsistent statements from Paul Evans in particular. And so that is what the defense counsel was arguing, that you can't believe these guys. They're just lying. And so if you can't believe them, then our defendant is innocent of this crime. I guess maybe I'm misunderstanding. They took the stand and said what about the defendant? Well, Paul Evans III said that the defendant didn't participate in this. He wasn't there. Right, right. And the other one said the same thing. Yeah, Jeffrey Burks was another one, his cousin. This is the defendant's cousin. He wasn't there. But both of those gentlemen on their police interview. Well, I know that. They said he was. Correct. Okay. So how are you going to defeat that? You have to prove that these gentlemen are just not credible. There's no other reasonable way to do this. Well, that's by presenting two inconsistent statements on credibility. Yes. Okay. That's why they introduced them. Correct. But the argument is, is it limited to only that or does it go beyond that? As to trying to convince the trier of fact that you need to believe their first statement in the police interview. Certainly. Not what's being testified to here on the stand. That's different than just you can't believe them because they're inconsistent. You don't put any weight on what version is true when you're going for impeachment only on credibility. Well, yes, I see what you're saying in that respect. And certainly. And their argument is, is that this is only for credibility impeachment. And we've got evidence here that the trial judge relied upon what he considered to be the more truthful statement in convicting the defendant. That I believe, if I'm understanding you correctly, yes, he would have relied on the police interviews and believed those to be the more credible statements. Yes. Yeah, but if you're just looking at credibility impeachment, you don't do that. Right. But these are prior inconsistent statements. That's why, yes, we're saying people who give prior inconsistent statements about the very same thing, you can't believe what's, you can't believe them, period. There's, you know, I don't have to go beyond and say A is truthful, B is not. Correct. Okay, correct. And of course, I mean, prior inconsistent statements are admissible both as impeachment evidence and substantive evidence. I don't think there's, that's a well established. So you're saying there was no error by the trial judge treating these prior, at least treating these inconsistent statements, because that's really all they are, as making a determination of which is truthful, which moves you into substantive. Correct. That's what I'm saying. Exactly. People are going to stand on their brief for all of their argument if you have any more questions. If there's none, thank you, Mr. Justice. Thank you. Thank you. Just in brief rebuttal to some of the points and questions that were raised to the State, as it relates to the video, Your Honor, I'm sorry. I would refer the Court to page 171 of the transcripts in this case. During the motion for a directive finding, this is what the State explicitly says. No arguments as to counts 6 and 7. As to the remaining counts, Judge, the defendant was identified by all of his co-conspirators. He was also identified by an extrinsic piece of evidence, that being the video surveillance from Burlington Coat Factory. And, in fact, the testimony revealed that he was identified by the co-defendants on that recording as well, Judge. The people have met their burden of proof, and the defendant's motion should be denied. So I would argue, in the State's motion for a directive finding, they specifically drew the Court's attention to the fact that, hey, they did a real bad job of trying to prove Aggravated Inanimate Theft. And that was their trial strategy. That was their choice. I'm not going to really delve on that. But they specifically pointed the Court to the Burlington Coat video in showing that he was involved with his co-defendants, that he was identified by the co-defendants during the plea statements. And so, by allowing that video to come in, the State did argue that to the trial judge. And the trial judge indicated in his ruling that, after he reviewed all the material, that he considered that as well. Would the defense attorney argue at that time with regard to 18? I'd have to grab the transcripts, Your Honor. I don't recall. But the defense, they argued about 18 too. I believe what their arguments were is to show that he was, at best, in another place at another time, and that he wasn't associated with the underlying crime. And he wasn't in 18? I don't recall if that's what he argued or not, Your Honor. I would just have to review the transcripts for that as well. Your Honor, I'm going to go back to this question, that there was ineffective assistance. For him to kind of slouch his way from impeachment to subpoena. That's correct, Your Honor. I think what the issue was in this case, and counsel is absolutely correct, I have a feeling that counsel knew ahead of time exactly what sort of witnesses the State's two witnesses were going to be who pled guilty to the underlying charge and were serving prison sentences. It was his trial strategy, if it was to prove that they were liars, that he needed to maintain that course that they were lying. He needed to maintain that, Judge, these videos, 15 through 17, were not admitted substantively, that the court should not be considering the content of the video for the truth of the matter asserted in those videos as what actually took place. He effectively abandoned that idea and said, talking about coercion of the police or something like that. It's completely not corroborated in any way, shape, or form on the contents of the video themselves. The officers testified to that, that he never coerced anybody, never suggested the names of my client. And the court itself said, I watched the video. I observed their demeanor. They don't appear to be threatened or coerced in any way. The attorney had an obligation to maintain what he stipulated to, which was they should only come in for credibility purposes only. He, for some reason, abandoned it. So, yes, there was an extraordinarily lapse of reason and judgment, because if his thoughts were to say that these guys are liars, then he shouldn't be allowing evidence to come in that the court can then consider as true. All he had to do was object. And even if the court considered that evidence over his objection, at least he maintained his client's rights, because that's part of the issues that the state raises and I have to concede. See, don't try to get my head around that argument, because that, under Illinois law, that would be admitted under 801. And I agree with the court. Okay, so how could you say that the trial counsel was ineffective when he would be making an argument, the defense attorney would be making an argument, that would be valueless, because the foundation was laid to admit it. What I would say is that... So you're asking to say that it's ineffective assistance to counsel because the lawyer did not make a useless argument. No, I'm saying what makes him ineffective is that when he allowed, when he agreed as a matter of trial strategy for evidence to be admitted for impeachment purposes, he abandoned that position by then adopting that evidence as being substantively admitted as well. So he was the one who shifted course in the case. Not necessarily a position that's contrary to the law. When did he shift, in your view, in the trial? When he made his arguments in the motion for directive finding as well as the closing arguments. Okay. Yes. Okay. So that's when he shifted. Yes. Counsel, do you have anything to add? Judge, the state did indicate that if you watch the video, you can't necessarily ID Mr. Evans when comparing him to a photograph that was included in his pre-sentence investigation. That's something that's a determination at the trial court level, and I think if we take a look at the state's arguments, they sum it up pretty well, that he's on the video, people have identified him on the video, and then the court can view the video itself. And so I don't believe that the graininess or the quality of that video is something at issue. I think it was put in as evidence and then considered by the court. As it relates to the process by which this was admitted, I think a very close reading of how 15 through 17 were admitted show that first the parties entered the stipulation which the court accepted. Then the state moved evidence in as evidence. They didn't say the court didn't move those 15 through 17 in as evidence at that time. It was only after the state sought to move 1 through 18 in as evidence did they become evidence. The fact that later on at some future date they basically said the same thing doesn't mean that evidence which was admitted for a limited purpose suddenly becomes not limited. And so I would ask the court to consider exactly what took place on the record in this case. Thank you. Thank you, Mr. Tallman. Thank you both for your argument today. We will take this matter under advisement. Get back to me when you're ready. This position will be in a short bit. We will now take a short recess. Good day.